IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VICTOR ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00855-GBL-JFA |
| ) | |
| THE CITY OF ALEXANDRIA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant The City of Alexandria's (the "City") Motion to Dismiss (Dkt. No. 12). This case concerns Plaintiff Victor Robinson's Complaint alleging that his former employer, the Alexandria Health Department (the "Health Department"), terminated him based on his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*

The first issue before the Court is whether to grant the City's Motion to Dismiss for lack of subject matter jurisdiction, where the City argues that Plaintiff failed to exhaust his administrative remedies. The Court GRANTS the City's Motion to Dismiss because, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court lacks subject matter jurisdiction. Although Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") naming the Health Department as Plaintiff's employer, the City is distinct from the Health Department and did not have an opportunity to participate in the EEOC process.

The second issue before the Court is whether to grant the City's Motion to Dismiss for failure to state a claim upon which relief may be granted, where the City argues that Plaintiff's claim fails to allege the City is responsible for Plaintiff's alleged injuries. The Court GRANTS

the City's Motion to Dismiss because, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff fails to allege a plausible claim against the City. The alleged violations of the ADA involve the Health Department—not the City—and Plaintiff has already voluntarily dismissed the Health Department from this suit.

The Court need not reach the issue of whether Plaintiff's Complaint is time-barred by the EEOC's ninety-day statute of limitations because (1) the Court lacks subject matter jurisdiction, and (2) even if jurisdiction were proper, Plaintiff has failed to state a plausible claim for relief.

## II. BACKGROUND

### A. Factual Background

Plaintiff alleges that his former employer, the Health Department, terminated him on the basis of his disability in violation of the ADA. Plaintiff was employed by the Health Department as a Program Support Technician for nineteen years. The Amended Complaint alleges that the Health Department is a Virginia health care provider and receives over six million dollars of funding from the City.

Plaintiff claims that in 2012, the Health Department improperly terminated him, but he successfully appealed and was reinstated to his prior position in 2013. Upon his return to work, Plaintiff alleges that he was diagnosed with severe anxiety disorder and depression and therefore qualified as disabled for purposes of the ADA. Plaintiff claims he then disclosed his disability to his supervisor. Plaintiff alleges that before he returned, his job duties were changed to provide pretext for his termination by listing requirements not found in other employee's job descriptions. Further, Plaintiff alleges that due to his disability, management started micromanaging him, which worsened his medical condition.

Plaintiff alleges that he attempted to secure a reasonable accommodation, but the Health Department failed to take any such action. In April 2015, Plaintiff requested and received leave under the Family Medical Leave Act for intensive medical care, and alleges that the condition was due to the Health Department's harsh and discriminatory treatment. On May 18, 2015, Plaintiff filed a complaint with the Virginia Council on Human Rights (now known as The Division of Human Rights of the Attorney General's Office) claiming that the Health Department discriminated against him due to his disability and failed to reasonably accommodate him. On May 19, 2015, Plaintiff returned from leave and was suspended. Three days later, on May 22, 2015, Plaintiff was permanently terminated. Plaintiff received a right-to-sue notice from the EEOC on April 7, 2016, and this action followed.

**B. Procedural Background**

On July 5, 2016, Plaintiff filed a Complaint against the Health Department Director Stephen Haering ("Haering") and the Health Department, alleging violations of the ADA. (Dkt. No. 1.) Plaintiff did not include the City as a Defendant in his initial Complaint. (*Id.*) On August 8, 2016, Defendants Haering and the Health Department filed a Motion to Dismiss, alleging (1) that Haering lacked individual liability under the ADA, and (2) that Plaintiff's claims were barred by sovereign immunity. (Doc. 3.) On August 11, 2016, Plaintiff filed an Amended Complaint and added the City of Alexandria as a Defendant. (Doc. 7.) Then, on August 16, 2016, Plaintiff filed a Notice of Voluntary Dismissal as to Haering and the Health Department. (Doc. 9.) The City is now the only remaining Defendant.

## II. STANDARDS OF REVIEW

### A. Standard of Review Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. FED R. CIV. P. 12(b)(1). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There are two ways in which a defendant may present a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. In such a case, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Constr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the court may consider evidence outside the pleadings and regard the pleadings as mere evidence to determine the existence of jurisdiction. *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). As a result, plaintiff's allegations find no presumption of truth, and a dispute of material facts will not preclude the trial court from evaluating the merits of claims underlying jurisdiction. *U.S. ex. rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

### B. Standard of Review Under Rule 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v.*

*McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citation omitted). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012). In addition to the complaint, a court also examines "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted).

The complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

The Court GRANTS the City's Motion to Dismiss, first, because the Court lacks subject matter jurisdiction under Rule 12(b)(1), and second, because Plaintiff fails to state a plausible claim for relief under Rule 12(b)(6).

### A. Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies by not naming the City in his EEOC charge of discrimination.

"Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the EEOC." *Davis v. Virginia Commonwealth Univ.*, 551 F.3d 297, 628 n.3 (4th Cir. 1999). "The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). A failure by the plaintiff to exhaust his administrative remedies concerning an ADA claim deprives a federal court of subject matter jurisdiction. *See Jones v. Calvery Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). In addition, typically a civil action may be brought only against the respondent named in the charge. *See Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998); *see also* 42 U.S.C. § 12117(a) (incorporating procedural requirements of Title VII suits). In considering a factual challenge, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco*, 370 F.3d at 398.

Here, Plaintiff's charge of discrimination was filed against the "Alexandria Health Department," not the City of Alexandria. (Doc. 7.) First Plaintiff argues that the City cannot be

6

separated from the Health Department, so by naming the Health Department in the charge Plaintiff exhausted his administrative remedies. (Doc. 15.) However, as the City points out, the Health Department is not an agency of the City; Health Department employees are employed the Commonwealth of Virginia. *See* Va. Code Ann. § 32.1-31(E) ("Every employee of a local or district health department operated under a contract with the Board shall be a state employee[.]").

Next Plaintiff argues that an exception to he naming requirement applies because the party named in the charge (the Health Department) and the party later sued (the City) have the "same substantial identity." In doing so, Plaintiff relies on *Ross v. Franklin Cty. Dep't of Soc. Servs.*, --- F. Supp. 3d ----, 2016 WL 2757449 (W.D. Va. May 11, 2016), to support the proposition that he exhausted his administrative remedies. The court in *Franklin* applied a four-factor test to determine whether there was the same substantial identity between the Franklin County Department of Social Services and the Franklin County Board of Public Welfare. *Id.* at *3. Although the *Franklin* court held that the plaintiff exhausted his administrative remedies by naming the department, rather than the board, *Franklin* is distinguishable from the instant case. The *Franklin* court found that under the second factor, which considers whether the named party and unnamed party share similar interests, the interests were aligned because "local boards of social services oversee the local departments of social services in Virginia." *Id.* With respect to the third factor, which considers whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice, the *Franklin* court found no prejudice because the director of the department filed a position statement in the EEOC proceeding and the same counsel represented both entities. Here, by contrast, the Commonwealth oversees the Health Department, not the City. In addition, the City did not participate in the EEOC proceedings and is not represented by the same counsel as the Health Department.

In sum, the Court holds that Plaintiff failed to exhaust his administrative remedies because he did not name the City in the charge and the City does not share the same substantial identity with the Health Department. Because Plaintiff failed to exhaust his administrative remedies, the Court grants the Motion to Dismiss for lack of subject matter jurisdiction.

## B. Failure to State a Claim

Plaintiff's Amended Complaint fails to allege a plausible claim against the City. To survive a motion to dismiss, plaintiffs "[f]actual allegations must be enough to raise a right to relief above the speculative level," and thus "from conceivable to plausible." *Twombly*, 550 U.S. at 555. The plaintiff must show more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff argues that his allegations against the City are sufficient because he alleged (1) that the City paid him and other Health Department employees, (2) that the City generally managed the Health Department, and (3) that the Health Department "housed" Plaintiff's place of work. In doing so, Plaintiff relies on a test set forth by the Fourth Circuit in *Butler* to evaluate a person's employment status. (*See* Doc. No. 15 at 3.) *Butler* concerned Title VII liability under a multi-factored test to determine whether an individual was jointly employed by two or more entities. *See Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 410 (4th Cir. 2015). "The object of the joint employment doctrine is to determine whether a putative employer exercises significant control over the same employees." *Id.* (citation and internal quotation marks omitted). However, even if Plaintiff's assertions were accurate in that the City "funds" and "generally manages" the Health Department, Plaintiff still fails to plausibly allege that the City exercised significant control over him. For example, Plaintiff does not allege the City had authority to hire and fire him, or had any day-to-day supervision over him. All of

Plaintiff's allegations against the City flow through the Health Department, which is no longer a party to this suit. In addition, the Health Department employees at issue work for the Commonwealth of Virginia, not the City.

Because Plaintiff fails to allege facts sufficient to state a plausible claim against the City, the Court grants Defendant's Motion to Dismiss.

## IV. CONCLUSION

The Court GRANTS the City's Motion to Dismiss because the Court lacks subject matter jurisdiction, and because even if jurisdiction were proper, Plaintiff has failed to state a plausible claim for relief.

Accordingly, **IT IS HEREBY ORDERED** that Defendant The City of Alexandria's Motion to Dismiss (Dkt. No. 12) is **GRANTED**, and that the Amended Complaint is **DISSMISSED WITH PREJUDICE** because amending the complaint would be futile.

**IT IS SO ORDERED**.

ENTERED this 2nd day of December, 2016.

Alexandria, Virginia
12 / 2 / 2016

/s/
Gerald Bruce Lee
United States District Judge